———— o ⊙ o ————

## HIGLEY *v.* BRYAN.

An erroneous description of a note in a justice's transcript may be corrected by an amended transcript. A variance resulting from such description is not sufficient ground for non suit.

ERROR *to Linn District Court.*

*Opinion by* KINNEY, J. Suit commenced by Higley against Bryan & Co., before a justice of the peace upon a note which reads as follows:

Higley *v.* Bryan.

" On first of September next, I promise to pay H. G. Higley or order, seventy-eight and sixty-six one-hundredth dollars, for value received.         H. Legree Bryan, for
                                              H. L. Bryan & Co.
Aug. 16th, 1850."

This note was filed with the justice as the cause of action, and judgment by default rendered thereon for the face of. the note, with interest. The defendants appealed. The justice, in giving a copy of the note in his transcript, inserted the word *the* before first and omitted the figures 66-10Q and inserted the words " sixty-cents. In the district court the plaintiff obtained a rule on the justice to perfect his transcript. The justice, in answer to this rule, stated that he had examined his docket and that the transcript filed is a true transcript of the cause as entered therein, but that it appeared by the docket and the transcript filed, that he erroneously copied the note in the docket, and also in the transcript, and that he neglected to endorse on the back of the note the filing. The justice then stated the facts to be that the plaintiff filed on the 28th day of November, 1850, a note as his cause of action, and that the note was then on file in the district court, which he copied and identified as the note filed, and as the plaintiff's sole cause of action, and that the judgment rendered by him, was rendered upon said note; and he also states the variance in the note, and the one set out in the transcript to be as before stated. From the bill of exceptions it appears that the plaintiff, Higley, offered in evidence the note; the introduction to which the defendant objected, and the court sustained the objection, on the ground of variance between the note offered in evidence and the note described in the transcript, and refused to permit said note to be read in evidence in said trial, and thereupon rendered judgment of non-suit against the plaintiff, to which the plaintiff excepted. This ruling of the court is assigned for error. We think

Higley *v.* Bryan.

the decision of the court erroneous.  By Rev. Sat. 335, § 7, it is provided that "upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the justice."

We cannot regard the misdescription of the note by the justice in any other light than that of a clerical error.  He did not copy it correctly into his docket, and consequently in making out his transcript fell into an error, in describing the note.  This error we think could be corrected by an amended return.  Section ten provides that when the court is satisfied "that the return of the justice is substantially erroneous or defective the court may by rule and attachment compel him to amend the same."  The return in this case was erroneous, not technically so it is true if confined to the entries made in the docket, but so in point of fact, in relation to the note on file which constituted the cause of action.  The justice had a right in answer to the rule to correct the error which he had made in copying the note in his docket.  He was not obliged under the statute to copy the note into his docket; as a brief statement of the nature of the plaintiff's demand would have been sufficient; but if in doing this he made a slight mistake, it would certainly be a great hardship upon the party to have his case dismissed in the district court on that account, particularly after the error was corrected by the amended return, and the note indisputably identified as the note on which judgment was rendered.

Judgment reversed.

*I. M. Preston*, for plaintiff in error.

*Wm. Smyth*, for defendant.